UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KING'S HAWAIIAN HOLDING COMPANY, INC., a California corporation; KING'S HAWAIIAN BAKERY WEST, INC., a California corporation; and KING'S HAWAIIAN BAKERY SOUTHEAST, INC., a Georgia corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>PAN-O-GOLD BAKING COMPANY, a Minnesota corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:17-cv-06443<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs King's Hawaiian Holding Company, Inc.; King's Hawaiian Bakery West, Inc.; and King's Hawaiian Bakery Southeast, Inc. (collectively, "King's Hawaiian" or "Plaintiffs") complain and allege as follows against Defendant Pan-O-Gold Baking Company ("Pan-O-Gold" or "Defendant").

**NATURE OF THE ACTION**

1. In this action, King's Hawaiian seeks injunctive relief and damages for acts of trade dress infringement, dilution, unfair competition, and deceptive business practices engaged in by Defendant in violation of the laws of the United States and the State of Illinois.

2. Defendant is selling in the United States sweet rolls that intentionally and willfully employ product packaging that is confusingly similar to the distinctive packaging trade dress that King's Hawaiian uses in connection with its KING'S HAWAIIAN Original Hawaiian

1

Sweet Rolls. Defendant's conduct is likely to cause consumers to be confused, deceived or mistaken into believing that there is an affiliation, connection or association between Defendant and King's Hawaiian, or that Defendant's products originate from or are sponsored by or approved by King's Hawaiian. Defendant's conduct is also likely to dilute the strength of King's Hawaiian's packaging trade dress as an identifier of source and diminish the goodwill King's Hawaiian has developed therein.

3. Upon information and belief, Defendant's infringement and dilution was and is willful and has caused and continues to cause King's Hawaiian substantial irreparable injury, warranting injunctive relief, as well as an award of monetary damages, costs, and attorneys' fees.

## THE PARTIES

4. Plaintiff King's Hawaiian Holding Company, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in Torrance, California.

5. Plaintiff King's Hawaiian Bakery West, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business in Torrance, California. King's Hawaiian Bakery West, Inc. is a wholly-owned subsidiary of King's Hawaiian Holding Company, Inc., and is a licensed distributor of King's Hawaiian goods, including goods packaged with the King's Hawaiian Sweet Roll Packaging Trade Dress.

6. Plaintiff King's Hawaiian Bakery Southeast, Inc. is a corporation organized and existing under the laws of the State of Georgia, with its principal place of operation in Oakwood, Hall County, Georgia, and its principal office address at King's Hawaiian Holding Company, Inc.'s corporate headquarters in Torrance, California. King's Hawaiian Bakery Southeast, Inc. is a wholly-owned subsidiary of King's Hawaiian Holding Company, Inc., and is a licensed distributor of King's Hawaiian goods, including goods packaged with the King's Hawaiian Sweet Roll Packaging Trade Dress.

7. Defendant Pan-O-Gold Baking Company is, upon information and belief, a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in St. Cloud, Minnesota. Pan-O-Gold is a commercial bakery business that manufacturers, promotes, and distributes baked goods, including sweet rolls, and sells them in stores in a number of states across the United States, primarily in the Midwest, including locations in this District and other locations in Illinois.

8. The identities of the various Doe defendants are not currently known. This Complaint will be amended to include the names and capacities of such individuals or entities when the same is ascertained.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks), 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

10. This Court has personal jurisdiction over Defendant because Defendant has committed and, upon information and belief, intends to continue to commit acts of infringement and dilution in violation of 15 U.S.C. § 1125 in the State of Illinois, including in this District; places into the stream of commerce products in packaging that infringes and dilutes King's Hawaiian's packaging trade dress with knowledge or understanding that such products are sold in the State of Illinois, including in this District; and transacts business in this District. In addition, King's Hawaiian is informed and believes that Defendant is registered with the Illinois Secretary of State as a foreign corporation authorized to do business in Illinois with an agent for service of process within this District, and that Defendant maintains significant business operations and employees in this District. Moreover, the acts of Defendant cause injury to King's Hawaiian in this District. Upon information and belief, Defendant has and will continue

to derive substantial revenue from the sale within this District of products in packaging that infringes and dilutes King's Hawaiian's packaging trade dress and Defendant expects its actions to have consequences in this District.

11.     Venue is proper within this District under 28 U.S.C. § 1391 because Defendant transacts business within this District, offers for sale in this District products in packaging that infringes and dilutes King's Hawaiian's packaging trade dress, and places into the stream of commerce products in packaging that infringes and dilutes King's Hawaiian's packaging trade dress with knowledge or understanding that such products are sold in this District. In addition, venue is proper because Defendant specifically markets in this District products in packaging that infringes and dilutes King's Hawaiian's packaging trade dress and King's Hawaiian has suffered, and will continue to suffer, harm in this District as a result of Defendant's conduct. Moreover, venue is proper in this District because Defendant is subject to the Court's personal jurisdiction in this District.

## THE KING'S HAWAIIAN SWEET ROLL PACKAGING TRADE DRESS

12.     King's Hawaiian is a family-owned business that makes and sells KING'S HAWAIIAN Original Hawaiian Sweet Rolls and other baked goods. The history of King's Hawaiian began in the 1950s in Hilo, Hawaii. There, Robert Taira opened his first bake shop, Robert's Bakery, where he made round, soft loaves of Hawaiian Sweet Bread using his own original recipe. After nearly a decade of growing popularity, in 1963 the original shop expanded and moved to King Street in Honolulu, where it was renamed King's Bakery. In the 1970s, Mr. Taira brought his Hawaiian Sweet Bread to the mainland and built a 24,000-square-foot bakery in Torrance, California. He named it King's Hawaiian Bakery.

13.     In 1983, King's Hawaiian introduced the now well-known 12-pack of Original Hawaiian Sweet Rolls. During the next several decades, King's Hawaiian continued to grow as its reputation spread for making delicious, high-quality products. What started as a small bakery

4

in Hilo, Hawaii, is now a national brand with products available in grocery stores and other outlets across the United States.

14. King's Hawaiian goes to great efforts to preserve its image and identity and the image and identity of its high-quality products. To that end, King's Hawaiian has developed distinctive packaging trade dress for use with its KING'S HAWAIIAN Original Hawaiian Sweet Rolls.

15. The sweet roll packaging trade dress asserted in this lawsuit (the "King's Hawaiian Sweet Roll Packaging Trade Dress") consists of an overall visual impression, which includes (1) the prominent use of the color orange; (2) on the front of the package a clear window, with the color orange as the primary element around such clear window; (3) within the window, a light-colored element with contrasting writing; and (4) on the light-colored element, no word appears in larger font than the word "Hawaiian," which is in a serif font, as shown below and in Exhibits A and B hereto.

 

King's Hawaiian has used the King's Hawaiian Sweet Roll Packaging Trade Dress to distinguish its Original Hawaiian Sweet Rolls since at least the early 1980s.

16. The King's Hawaiian Sweet Roll Packaging Trade Dress is non-functional. The overall look and feel of the packaging design is not required to achieve any particular function—and there are a plethora of alternative packaging designs available to King's Hawaiian's competitors.

17. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive. Moreover, through extensive use, advertising, marketing and promotional activities, the King's Hawaiian Sweet Roll Packaging Trade Dress has acquired a strong secondary meaning. The King's Hawaiian Sweet Roll Packaging Trade Dress serves to identify King's Hawaiian as the source of the products with which it is used, and the relevant consuming public recognizes the King's Hawaiian Sweet Roll Packaging Trade Dress as distinguishing those products from the goods and services of others.

18. Plaintiff King's Hawaiian Holding Company, Inc. is the owner of all rights and title to the King's Hawaiian Sweet Roll Packaging Trade Dress. King's Hawaiian Holding Company, Inc.'s wholly-owned subsidiaries, King's Hawaiian Bakery West, Inc., and King's Hawaiian Bakery Southeast, Inc., are distributors of King's Hawaiian goods and are licensed to use the King's Hawaiian Sweet Roll Packaging Trade Dress.

## DEFENDANT'S UNLAWFUL AND DECEPTIVE ACTS

19. Defendant is neither licensed nor otherwise authorized by King's Hawaiian to use the King's Hawaiian Sweet Roll Packaging Trade Dress in connection with its products.

20. Without King's Hawaiian's permission or consent, Defendant is offering for sale and selling in United States, including in this District, sweet rolls in product packaging that is deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress.

21. Defendant's conduct is likely to cause consumers to be confused, deceived or mistaken into believing that there is an affiliation, connection or association between Defendant

6

and King's Hawaiian, or that Defendant's products originate from or are sponsored by or approved by King's Hawaiian.

22. The packaging for Defendant's sweet rolls is confusingly similar in overall look and feel to the King's Hawaiian Sweet Roll Packaging Trade Dress and includes (1) the prominent use of the color orange; (2) on the front of the package a clear window, with the color orange as the primary element around such clear window; (3) immediately below the window, a light-colored element with contrasting writing; and (4) on the light-colored element, no word appears in larger font than the word "Hawaiian," as shown below and in Exhibits C, D, and E hereto.





7

23. King's Hawaiian is informed and believes, and on that basis alleges, that Defendant has adopted and used its deceptively-similar packaging with the intent to trade off the enormous goodwill that King's Hawaiian has earned in the King's Hawaiian Sweet Roll Packaging Trade Dress, and the high-quality products with which it is used and, further, to cause consumers to be confused, deceived or mistaken into believing that there is an affiliation, connection or association between Defendant and King's Hawaiian, or that Defendant's sweet rolls originate from or are sponsored by or approved by King's Hawaiian. Defendant has damaged the reputation, business and goodwill of King's Hawaiian, including within this District, and, unless enjoined, King's Hawaiian is informed and believes that Defendant will continue such conduct to the immediate and irreparable injury of King's Hawaiian.

24. King's Hawaiian is informed and believes, and on that basis alleges, that Defendant has acted and, unless enjoined, will continue to act, in willful, wanton and callous disregard of King's Hawaiian's rights.

## COUNT I

### Federal Trade Dress Infringement—15 U.S.C. § 1125(a)

25. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 24, above, as though fully set forth at length, against all defendants.

26. King's Hawaiian is the owner of all rights and title to, and has valid and protectable prior rights in, the King's Hawaiian Sweet Roll Packaging Trade Dress.

27. King's Hawaiian engages in the sale and distribution of KING'S HAWAIIAN Original Hawaiian Sweet Rolls employing the King's Hawaiian Sweet Roll Packaging Trade Dress in interstate commerce and has done so since long before Defendant began its infringing use of the King's Hawaiian Sweet Roll Packaging Trade Dress as alleged herein.

28. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive. In addition, based on extensive marketing, promotion and use, the King's Hawaiian Sweet Roll

Packaging Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying King's Hawaiian as the source of the products with which it is used.

29. Without King's Hawaiian's permission or consent, Defendant has adopted and used with its sweet rolls packaging that is deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress. Defendant's conduct is likely to cause members of the consuming public to be confused, deceived or mistaken into believing that there is an affiliation, connection or association between Defendant and King's Hawaiian, or that Defendant's products originate from or are sponsored by or approved by King's Hawaiian.

30. King's Hawaiian is informed and believes, and on that basis alleges, that Defendant's wrongful conduct has been and continues to be intentional, willful and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress, as described above.

31. King's Hawaiian is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress.

32. King's Hawaiian has sustained damages as a direct and proximate result of Defendant's infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress in an amount to be proven at trial.

33. King's Hawaiian has been and will continue to be irreparably harmed by Defendant's wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill, reputation and market position that money cannot compensate. King's Hawaiian is therefore entitled to an injunction against Defendant's continuing infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress. Unless enjoined, Defendant will continue its infringing conduct.

34. King's Hawaiian is entitled to its actual damages, Defendant's profits and an award of costs pursuant to 15 U.S.C. § 1117(a). Further, King's Hawaiian is entitled to treble its

actual damages, an enhancement of Defendant's profits, and, because this is an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II

**Federal False Designation of Origin and Unfair Competition—15 U.S.C. § 1125(a)**

35. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 34, above, as though fully set forth at length, against all defendants.

36. The conduct and acts of Defendant described above constitute a false designation of origin and a false description in violation of 15 U.S.C. § 1125(a).

37. King's Hawaiian is informed and believes, and on that basis alleges, that Defendant's wrongful conduct has been and continues to be intentional, willful and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress.

38. King's Hawaiian is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress.

39. King's Hawaiian has sustained damages as a direct and proximate result of Defendant's wrongful conduct in an amount to be proven at trial.

40. King's Hawaiian has been and will continue to be irreparably harmed by Defendant's wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill, reputation and market position that money cannot compensate. King's Hawaiian is therefore entitled to an injunction against Defendant's continuing infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress. Unless enjoined, Defendant will continue its infringing conduct.

41. King's Hawaiian is entitled to its actual damages, Defendant's profits and an award of costs pursuant to 15 U.S.C. § 1117(a). Further, King's Hawaiian is entitled to treble its actual damages, an enhancement of Defendant's profits, and, because this is an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III

### Federal Trade Dress Dilution—15 U.S.C. § 1125(c)

42. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 41, above, as though fully set forth at length, against all defendants.

43. Since at least the early 1980s, King's Hawaiian has exclusively sold and continues to exclusively sell throughout the United States millions of packages of its Original Hawaiian Sweet Rolls that use the King's Hawaiian Sweet Roll Packaging Trade Dress. In addition, King's Hawaiian has invested and continues to invest millions of dollars advertising, marketing, and promoting the King's Hawaiian Sweet Roll Packaging Trade Dress nationwide to consumers throughout the United States.

44. The King's Hawaiian Sweet Roll Packaging Trade Dress is not functional and is inherently distinctive. Further, based on King's Hawaiian's extensive advertising, marketing, promotion, and use, the King's Hawaiian Sweet Roll Packaging Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying King's Hawaiian as the source of the products with which it is used.

45. Because of the duration, amount, and extent of King's Hawaiian's sales throughout the United States of its Original Hawaiian Sweet Rolls using the King's Hawaiian Sweet Roll Packaging Trade Dress, the duration and extent of King's Hawaiian's advertising and publicity of the King's Hawaiian Sweet Roll Packaging Trade Dress, the distinctiveness of the King's Hawaiian Sweet Roll Packaging Trade Dress, the wide recognition of the King's Hawaiian Sweet Roll Packaging Trade Dress as a designation of King's Hawaiian as the source of the products with which it is used among the general consuming public of the United States, and other relevant considerations, the King's Hawaiian Sweet Roll Packaging Trade Dress is a "famous" mark under 15 U.S.C. § 1125(c).

46. Without King's Hawaiian's permission or consent, Defendant has adopted and used with its sweet rolls packaging that is deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress. Defendant's conduct is likely to injure and tarnish King's Hawaiian's

business reputation, and/or to dilute the distinctiveness of the King's Hawaiian Sweet Roll Packaging Trade Dress, including by blurring and eroding the consuming public's exclusive identification of this distinctive, well-known trade dress, and otherwise lessen the capacity of the King's Hawaiian Sweet Roll Packaging Trade Dress to identify and distinguish King's Hawaiian products with which it is used.

47. King's Hawaiian is informed and believes, and on that basis alleges, that Defendant's wrongful conduct has been and continues to be intentional, willful and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress, as described above, and demonstrates an intent to trade-off King's Hawaiian's goodwill associated with its King's Hawaiian Sweet Roll Packaging Trade Dress and to cause dilution of the King's Hawaiian Sweet Roll Packaging Trade Dress.

48. King's Hawaiian has been and will continue to be irreparably harmed by Defendant's wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill and reputation and dilution of the distinctiveness and value of the King's Hawaiian Sweet Roll Packaging Trade Dress in violation of the Lanham Act, 15 U.S.C. § 1125(c). King's Hawaiian is therefore entitled to injunctive relief. Further, because Defendant's conduct in violation of 15 U.S.C. § 1125(c) has been willful, King's Hawaiian is entitled to its actual damages, Defendant's profits and an award of costs pursuant to 15 U.S.C. § 1117(a). King's Hawaiian is also entitled to treble its actual damages, an enhancement of Defendant's profits, and, because this is an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT IV

### State Deceptive Trade Practices – 815 ILCS 510/1, *et seq.*

49. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 48, above, as though fully set forth at length, against all defendants.

50. Defendant's conduct and acts described above constitute a knowing and willful passing-off of Defendant's goods as those of King's Hawaiian, or for those authorized or approved by King's Hawaiian, and deceives consumers in the State of Illinois. Defendant's use

of its infringing packaging is likely to cause confusion as to the source of Defendant's products and is likely to cause others to be confused, deceived or mistaken into believing that there is an affiliation, connection or association between Defendant and King's Hawaiian, or that Defendant's products originate from or are sponsored by or approved by King's Hawaiian.

51. Defendant's continued use of the King's Hawaiian Sweet Roll Packaging Trade Dress in the manner described herein constitutes a knowing and willful passing-off of Defendant's goods as those of King's Hawaiian, or for those authorized or approved by King's Hawaiian, and deceives consumers, and falsely implies a connection between Defendant's products and King's Hawaiian that is likely to cause mistake and to confuse and deceive the public in the State of Illinois. Defendant's conduct constitutes deceptive acts or practices in the course of a business, trade, or commerce in violation of Illinois's Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.

52. Defendant's wrongful activities have caused King's Hawaiian irreparable injury and, unless enjoined by this Court, Defendant will continue said conduct to the continuing and irreparable injury of King's Hawaiian. Therefore, King's Hawaiian is entitled to injunctive relief under 815 ILCS 510/3. In addition, because Defendant willfully and knowingly engaged in the wrongful and deceptive acts described herein, an award of attorneys' fees and costs should be assessed against Defendant in favor of King's Hawaiian.

## COUNT V

### State Consumer Fraud and Deceptive Business Practices – 815 ILCS 505/1, *et seq.*

53. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 52, above, as though fully set forth at length, against all defendants.

54. Defendant's conduct and acts described above constitute a knowing and willful passing-off and misrepresentation of Defendant's goods as those of King's Hawaiian, or for those authorized or approved by King's Hawaiian, and deceives consumers in the State of Illinois. Defendant's use of its infringing packaging is likely to cause confusion as to the source of Defendant's products and is likely to cause others to be confused, deceived or mistaken into

believing that there is an affiliation, connection or association between Defendant and King's Hawaiian, or that Defendant's products originate from or are sponsored by or approved by King's Hawaiian.

55. Defendant's continued use of the King's Hawaiian Sweet Roll Packaging Trade Dress in the manner described herein constitutes a knowing and willful passing-off and misrepresentation of Defendant's goods as those of King's Hawaiian, or for those authorized or approved by King's Hawaiian, and deceives consumers, and falsely implies a connection between Defendant's products and King's Hawaiian that is likely to cause mistake and to confuse and deceive the public in the State of Illinois. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Illinois's Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.

56. Defendant's wrongful activities have caused King's Hawaiian irreparable injury and, unless enjoined by this Court, Defendant will continue said conduct to the continuing and irreparable injury of King's Hawaiian. Therefore, King's Hawaiian is entitled to injunctive relief, including under 815 ILCS 505/10a(c). Defendant's wrongful activities have also caused King's Hawaiian actual damage. Therefore, King's Hawaiian is entitled to actual damages and any other relief which the Court deems proper. Moreover, because Defendant's misconduct as alleged herein has been willful, malicious, and wanton, King's Hawaiian is entitled to an award of punitive damages under Illinois law in an amount sufficient to punish Defendant and deter such misconduct in the future. In addition, the Court should enter an award of attorneys' fees and costs against Defendant in favor of King's Hawaiian.

## COUNT VI

### State Common Law Trade Dress Infringement and Unfair Competition

57. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 56, above, as though fully set forth at length, against all defendants.

58. King's Hawaiian is the owner of all rights and title to, and has valid and protectable prior rights in, the King's Hawaiian Sweet Roll Packaging Trade Dress.

59. King's Hawaiian engages in the sale and distribution of KING'S HAWAIIAN Original Hawaiian Sweet Rolls employing the King's Hawaiian Sweet Roll Packaging Trade Dress in the State of Illinois and has done so since long before Defendant began its infringing use of the King's Hawaiian Sweet Roll Packaging Trade Dress as alleged herein.

60. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive. In addition, based on extensive marketing, promotion and use, the King's Hawaiian Sweet Roll Packaging Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying King's Hawaiian as the source of the products with which it is used.

61. Without King's Hawaiian's permission or consent, Defendant has adopted and used with its sweet rolls packaging that is deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress in violation of Illinois common law. Defendant's conduct is likely to cause members of the consuming public in the State of Illinois to be confused, deceived or mistaken into believing that there is an affiliation, connection or association between Defendant and King's Hawaiian, or that Defendant's products originate from or are sponsored by or approved by King's Hawaiian.

62. King's Hawaiian is informed and believes, and on that basis alleges, that Defendant's wrongful conduct has been and continues to be intentional, willful and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress, as described above.

63. King's Hawaiian is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress.

64. King's Hawaiian has sustained damages as a direct and proximate result of Defendant's infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress in an amount to be proven at trial.

65. King's Hawaiian has been and will continue to be irreparably harmed by Defendant's wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill,

reputation and market position that money cannot compensate. King's Hawaiian is therefore entitled to an injunction against Defendant's continuing infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress. Unless enjoined, Defendant will continue its infringing conduct.

66. King's Hawaiian is also entitled to its actual damages, Defendant's profits and an award of costs and attorneys' fees.

67. Additionally, because Defendant's misconduct as alleged herein has been willful, malicious, and wanton, King's Hawaiian is entitled to an award of punitive damages under Illinois law in an amount sufficient to punish Defendant and deter such misconduct in the future.

## COUNT VII

### Unjust Enrichment

68. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 67, above, as though fully set forth at length, against all defendants.

69. Defendant's conduct and acts described above, including the knowing and willful passing-off of Defendant's goods as those of King's Hawaiian, or for those authorized or approved by King's Hawaiian, conferred a benefit on Defendant at the expense of King's Hawaiian. Defendant's use of its infringing packaging is likely to cause confusion as to the source of Defendant's products and is likely to cause others to be confused, deceived or mistaken into believing that there is an affiliation, connection or association between Defendant and King's Hawaiian, or that Defendant's products originate from or are sponsored by or approved by King's Hawaiian. As a result of its wrongful conduct, Defendant has been unjustly enriched to King's Hawaiian's detriment. Defendant has unjustly retained the benefit of King's Hawaiian's detriment, which retention violates the fundamental principles of justice, equity, and good conscience. Therefore, King's Hawaiian is entitled to, without limitation: (i) an accounting of Defendant's profits from its wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress and (ii) disgorgement of Defendant's profits from its wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs King's Hawaiian Bakery Southeast, Inc., King's Hawaiian Holding Company, Inc., and King's Hawaiian Bakery West, Inc., and each of them, hereby respectfully request that this Court:

A. Enter an injunction enjoining Defendant, its officers, directors, employees, agents, licensees, servants, successors and assigns, and any and all persons in active concert or participation with any of them, from:

1. Any unauthorized use of the King's Hawaiian Sweet Roll Packaging Trade Dress, including, without limitation, any colorable imitation or confusingly-similar variation thereof, in connection with the promotion, advertising, distribution or sale of goods by Defendant;

2. Engaging in any conduct suggesting or tending to suggest that any product promoted, advertised, distributed or offered for sale by Defendant originates from or is directly or indirectly sponsored by, approved by, affiliated with or connected with King's Hawaiian; and

3. Conveying the impression to the public through displays, advertising, packaging or otherwise that any product offered by Defendant originates from or is directly or indirectly sponsored by, approved by, affiliated with or connected with King's Hawaiian;

B. Award King's Hawaiian its actual damages and Defendant's profits from Defendant's wrongful acts;

C. Award King's Hawaiian its costs of suit and reasonable attorneys' fees;

D. Award King's Hawaiian treble its actual damages and an enhancement of Defendant's profits pursuant to 15 U.S.C. § 1117(a);

E. Enter an order, pursuant to 15 U.S.C. §§ 1118 and 1125(c)(3) and other applicable law, directing Defendant to deliver up for destruction all products, fabrics, labels, signs, prints, packages, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing any unauthorized copy of the King's Hawaiian Sweet Roll Packaging Trade Dress or any

17

simulation, reproduction, counterfeit, copy, confusingly-similar likeness, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

      F.      Award restitutionary relief against Defendant and in favor of King's Hawaiian, including disgorgement of wrongfully obtained profits and any other appropriate relief;

      G.      Award King's Hawaiian punitive damages pursuant to Illinois law in an amount sufficient to punish Defendant and deter such willful misconduct in the future;

      H.      Award any other legal and/or equitable remedies to which King's Hawaiian may be entitled, including all remedies provided for in 15 U.S.C. § 1117(a), 815 ILCS 510/1 *et seq.*, 815 ILCS 505/1 *et seq.*, and under any other Illinois state statutory or common law; and

      I.      Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs King's Hawaiian Holding Company, Inc.; King's Hawaiian Bakery West, Inc.; and King's Hawaiian Bakery Southeast, Inc., and each of them, hereby demand trial by jury on all issues so triable.

| | |
|---|---|
| DATED: Setpember 6, 2017 | By */s/ Scott B. Kidman* |

Scott B. Kidman
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100
Email: scottkidman@quinnemanuel.com

Stephen Swedlow
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel: (312) 705-7400
Fax: (312) 705-7401
Email: stephenswedlow@quinnemanuel.com

Attorneys for Plaintiffs King's Hawaiian Holding Company, Inc.; King's Hawaiian Bakery West, Inc.; and King's Hawaiian Bakery Southeast, Inc.

| | |
|---|---|
| DATED: Setpember 6, 2017 | By */s/ Brian M. Wheeler* |

Brian M. Wheeler
ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Tel: (562) 653-3200
Fax: (562) 653-3333
Email: bwheeler@aalrr.com

Attorneys for Plaintiffs King's Hawaiian Holding Company, Inc.; King's Hawaiian Bakery West, Inc.; and King's Hawaiian Bakery Southeast, Inc.